JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAA ROOFING AND WATERPROOFING, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>    v.<br><br>MIRANDA SMITH, an individual; MADISON PEUKERT, an individual; and CAPITAL ROOFING PARTNERS, INC., a California corporation,<br><br>          Defendants. | Case No. 5:24-cv-02348-SRM-DTB<br><br><br>**ORDER GRANTING AMENDED JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION AND DISMISSAL OF ACTION** **[60]** |
| MIRANDA SMITH, an individual; MADISON PEUKERT, an individual;<br><br>          Counterclaimants,<br><br>    v.<br><br>AAA ROOFING AND WATERPROOFING, LLC, a California limited liability company,<br><br>          Counter defendant. | |

The Court, having considered the Parties' Amended Joint Motion for Entry of Stipulated Permanent Injunction and Dismissal of Action, the Stipulation for Entry of Permanent Injunction and Dismissal of Action, the record in this action, and good cause appearing, hereby ORDERS as follows: The Joint Motion is **GRANTED**.

1

The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties. The Court adopts the parties' stipulated facts and finds as follows:

1.      Plaintiff AAA Roofing and Waterproofing, LLC ("AAA") is a California limited liability company engaged in the roofing and waterproofing business.

2.      Defendants Miranda Smith ("Smith") and Madison Peukert ("Peukert") are former AAA employees. Defendant Capital Roofing Partners, Inc. ("Capital Roofing") is a California corporation engaged in the roofing and waterproofing business.

3.      During their employment with AAA, Smith and Peukert held positions that gave them access to nonpublic AAA business information, including customer-related information, pricing-related information, warranty and service information, and operational and business-planning materials.

4.      As a condition of employment, Smith and Peukert executed agreements containing confidentiality obligations concerning AAA's confidential and proprietary information. AAA restricts access to such information and requires confidentiality obligations from employees who are given access to it.

5.      During the parties' dispute concerning the end of Smith's and Peukert's employment, AAA asserted that certain confidential and proprietary AAA information, including its trade secrets, had been copied, downloaded, exported, or otherwise transferred to non-AAA devices (including without limitation a thumb drive), accounts, or databases, or otherwise possessed outside of AAA's authorized systems by Smith and Peukert. Smith and Peukert deny any misappropriation of AAA's information and assert that to the extent certain AAA information may have resided on personal devices or accounts any such information has been deleted. The parties attempted to address some of those issues through the stipulated preliminary injunction and forensic-inspection process entered by the Court. There remains a

ORDER GRANTING PERMANENT INJUNCTION AND DISMISSAL OF ACTION
CASE NO.  5:24-CV-02348

dispute between the parties as to precisely what information may have been copied and whether information remains in Smith and Peukert's possession.

6.     For purposes of this Order, "Information" means AAA documents, data, or materials, exclusive of Smith's and Peukert's employment records and non-business personal records, that: (i) Smith or Peukert copied, downloaded, or otherwise transferred to any non-AAA devices, accounts, or databases; or (ii) have ever been in the possession of AAA.

7.     AAA's Information includes nonpublic confidential, proprietary, business information, including customer-related, pricing-related, warranty, service, and operational information, that derives independent economic value from not being generally known to, and not being readily ascertainable by, other persons who could obtain economic value from its disclosure or use.

8.     AAA has taken reasonable measures to protect the secrecy of its Information, including restricting access to authorized personnel, using access controls and authentication protections for its systems, and requiring confidentiality obligations from employees who are given access to such Information.

9.     Unauthorized retention, use, or dissemination of AAA's Information would interfere with AAA's exclusive control over that information and could adversely affect AAA's customer relationships, goodwill, and competitive position in ways that are difficult to quantify with precision.

10.    Monetary damages alone would not adequately compensate AAA for future unauthorized retention, use, or dissemination of AAA's Information because, once the confidentiality of the Information is lost or the Information is used or disseminated, the resulting harm cannot be fully measured or undone by money damages alone.

11.    The hardship to Defendants from entry of the requested injunction is limited to refraining from retaining, using, or disseminating AAA's Information and taking actions necessary to comply with that obligation. The requested injunction

does not prohibit lawful competition, use of information within the personal unwritten recollections of Smith or Peukert, or use of information that Defendants can demonstrate was independently derived or lawfully obtained.

12. The public interest would not be disserved by entry of the requested injunction because protection of confidential business information and enforcement of confidentiality obligations serve the public interest.

**Permanent Injunction**

The Court further finds that Plaintiff has satisfied the requirements for entry of permanent injunctive relief. Specifically, the Court finds that: (1) AAA has suffered and will continue to suffer irreparable injury absent injunctive relief; (2) remedies available at law, including monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. Based on the stipulated facts and the findings of the Court, it is hereby ordered that:

1. The preliminary injunction previously entered in this action at Dkt. 26 is dissolved and replaced by the terms of this Permanent Injunction.

2. Smith, Peukert, and Capital Roofing, and any person or entity acting in concert with them, are permanently enjoined from:

   A. retaining any of AAA's Information;

   B. using any of AAA's Information for any purpose or in any manner; and

   C. disseminating AAA's Information in any manner, except as disclosed in Defendants' prior sworn declarations.

3. This Permanent Injunction shall not apply to: (i) any Information within the personal, unwritten recollections of Smith or Peukert; or (ii) any Information that Defendants can demonstrate was independently derived or lawfully obtained.

4.     Nothing herein shall preclude counsel of record, or experts or consultants retained by such counsel, from retaining relevant evidence or information, provided they are bound by the protective order entered in this case or by equivalent written confidentiality obligations.

5.     Any actions taken by Smith, Peukert, or Capital Roofing to facilitate compliance with this Order shall not be deemed a violation of this Permanent Injunction.

6.     The terms of this Permanent Injunction shall survive dismissal of this action.

**Dismissal.**

Because the parties have resolved all claims and counterclaims in this action, and because entry of this Permanent Injunction satisfies the final condition of their settlement, this action, including AAA's claims and Defendants' counterclaims, is **DISMISSED WITH PREJUDICE**.

Each party shall bear their own attorneys' fees and costs, except as otherwise provided in the parties' confidential settlement agreement.

The Court retains jurisdiction to enforce this Order and the Permanent Injunction entered herein.

Dated: June 10, 2026     _____

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PERMANENT INJUNCTION AND DISMISSAL OF ACTION
CASE NO.  5:24-CV-02348